UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NO SUMMONS ISSUED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NELSON DEJSUS,

                           Docket No.

               Plaintiff,             **NOTICE OF REMOVAL**

      -against-         CV 13 - 1545

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

              Defendant.  **SCANLON, M.J.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    Petitioners-Defendants, LINDEN BOULEVARD THEATRES, LLC ("LBT"), NATIONAL

AMUSEMENTS, INC. ("NAI") and QUINCY AMUSEMENTS, INC. ("QUINCY") by their

attorneys, THE LAW OFFICES OF JOHN W. MANNING, P.C., file this Notice of Removal, and

respectfully state as follows:

    1.     The Plaintiff, upon information and belief, is a citizen of the State of New York and

resides in the County of Queens at 109-28 Soultell Avenue, Corona, New York 11368.

    2.     Defendant LBT is a limited liability company duly organized and existing under and

by virtue of the laws of the State of Delaware whose sole member is QUINCY, a Delaware

corporation with its principal place of business in Norwood, Massachusetts.

    3.     Defendant, NAI, is a corporation duly organized and existing under and by virtue of

the laws of the State of Maryland, with its principal place of business in Norwood, Massachusetts.

    4.     Defendant QUINCY is a corporation duly organized and existing under and by virtue

of the laws of the State of Delaware with its principal place of business in Norwood, Massachusetts.

5.      On or about April 17, 2012, Plaintiff served a Summons and Complaint on the Defendants, which had been filed in the Supreme Court of the State of New York, Kings County, under Index No. 8056/12, entitled *Nelson DeJsus v. Linden Boulevard Theatres, LLC, National Amusements, Inc., and Quincy Amusements, Inc.*

6.      In the Complaint, the Plaintiff alleges that he sustained "severe injuries" and demands judgment "in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction."

7.      On May 24, 2012, Defendants served upon Plaintiff a Request for Supplemental Demand.  By Court-ordered Stipulation dated December 13, 2012 Plaintiff agreed to serve a Supplemental Demand within thirty (30) days.

8.      Plaintiff failed to provide a Supplemental Demand.  Defendants' counsel contacted Plaintiff's counsel on February 28, 2013 and reiterated Defendants' request for a Supplemental Demand.  During this telephone conversation, Plaintiff's counsel made a settlement demand of $1,350,000. Defendants' counsel confirmed Plaintiff's settlement demand by letter dated March 20, 2013.

9.      This Notice of Removal thus is being filed within thirty (30) days after receipt of the first statement in the state court action from which it could be ascertained that the case is removable, as required by 28 U.S.C. §1446 (b).  Further, Defendants present this Notice of Removal without waiving any of their defenses that may exist.

10.      Pursuant to 28 U.S.C. §1446(a), the following documents are submitted herewith: (1) true and correct copies of all process, pleadings, and orders served upon Defendants [the Summons

and Complaint, Bill of Particulars, Response to Defendant's Combined Demands (*sans* attachments), and First Supplemental Bill of Particulars (*sans* attachments) have been served thus far] are attached as Exhibit A; (2) a list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached as Exhibit B; and (3) a copy of the Notice of Filing of Notice of Removal to be filed with the Supreme Court of the State of New York, County of Kings, is attached as Exhibit C.

11.     The above-entitled action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 (a) (1) and is one that may be removed to this Court by Petitioners-Defendants herein, as this action is between citizens of different states and the matter in controversy exceeds the sum of $75,000.

12.     This action is properly removed to the United States District Court for the Eastern District of New York as that is the proper venue for this action because the state court action was filed by the Plaintiff in the Supreme Court of the State of New York, in and for the County of Kings.

13.     Defendants consent to the removal of this action to the United States District Court for the Eastern District of New York.

14.     Promptly after filing this Notice of Removal, the undersigned, on behalf of the Defendants, shall give written notice thereof to all parties, and shall file a copy of the Notice of Removal with the Clerk of the New York State Supreme Court, in and for the County of Kings.

**WHEREFORE,** Petitioners pray that the above-entitled action now pending against it in the Supreme Court of the State of New York, in and for the County of Kings, be removed therefrom to

the United States District Court for the Eastern District of New York.

Dated: Tarrytown, New York
      March 25, 2013

                                  THE LAW OFFICES OF JOHN W. MANNING, P.C.

                                By: _____
                                    **JOHN W. MANNING (JWM 7861)**
                                  Attorneys for Petitioner-Defendant
                                  LINDEN BOULEVARD THEATRES, LLC,
                                  NATIONAL AMUSEMENTS, INC.
                                  and QUINCY AMUSEMENTS, INC.
                                  120 White Plains Road, Suite 100
                                  Tarrytown, New York 10591
                                  (914) 524-7550

TO:   FERRARO & WYATT, PLLC
       Attorneys for Plaintiff
       950 Third Avenue, 10th Floor
       New York, New York 10022
       (212) 557-2776



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

NELSON DEJSUS,

                                **Plaintiff,**

                -against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

                             **Defendant.**

-------------------------------------------------------------------X

Index No.: 8056 | 12
Date Purchased: 4 | 17 | 12

**SUMMONS**
Plaintiff designates Kings as
the place of trial.

The basis of venue is:
Defendant's Residence

Defendant resides at:
2784 Linden Boulevard
Brooklyn, NY 11208

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within thirty (30) days after completion of service where service is made in any
other manner. In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated:        New York, New York
              April 12, 2012

                              FERRARO WYATT, PLLC

                              Justin R. Wyatt
                              *Attorneys for Plaintiff*
                              950 Third Avenue, 10th Floor
                              New York, NY 10022
                              (212) 557-2776

**Defendant's Address**
Linden Boulevard Theatres, LLC
        -and-
National Amusements, Inc.
        -and-
Quincy Amusements, Inc.
C/O CT Corporation System
111 Eighth Avenue
New York, New York 10011

*YOU SHOULD IMMEDIATELY BRING THESE DOCUMENTS TO YOUR ATTORNEY OR INSURANCE COMPANY*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

NELSON DEJSUS,

                             Plaintiff,

                 -against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

                             Defendant.

------------------------------------------------------------------------X

Index No.:

Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by **FERRARO WYATT, PLLC,** complaining of the Defendant, respectfully
alleges, upon information and belief, that:

    1.    At all times herein mentioned, Plaintiff resided in Queens County in the State of
New York.

    2.    At all times herein mentioned, Defendant LINDEN BOULEVARD THEATRES,
LLC was a corporation organized and existing under the laws of Delaware.

    3.    At all times herein mentioned, Defendant LINDEN BOULEVARD THEATRES,
LLC was a corporation authorized to do business in the State of New York in Kings County.

    4.    At all times herein mentioned, Defendant LINDEN BOULEVARD THEATRES,
LLC was a corporation registered to do business in the State of New York in Kings County.

    5.    At all times herein mentioned, Defendant LINDEN BOULEVARD THEATRES,
LLC maintained a principle place of business in Kings County.

    6.    At all times herein mentioned, Defendant QUINCY AMUSEMENTS, INC. was a
corporation organized and existing under the laws of Maryland.

7.     At all times herein mentioned, Defendant QUINCY AMUSEMENTS, INC. was a corporation authorized to do business in the State of New York.

8.     At all times herein mentioned, Defendant NATIONAL AMUSEMENTS, INC. was a corporation organized and existing under the laws of Delaware.

9.     At all times herein mentioned, Defendant NATIONAL AMUSEMENTS, INC. was a corporation authorized to do business in the State of New York.

10.     At all times herein mentioned, Defendant was the owner of the premises and apartment building located at 2784 Linden Boulevard, Brooklyn, New York (the "Premises").

11.     On December 4, 2011 (the "Accident Date"), Plaintiff tripped and fell on a raised portion of the sidewalk at the premises.

12.     On the Accident Date, and at all times herein mentioned, the Premises and the sidewalks appurtenant to the Premises were operated by Defendant.

13.     On the Accident Date, and at all times herein mentioned, the Premises and the sidewalks appurtenant to the Premises were managed by Defendant.

14.     On the Accident Date, and at all times herein mentioned, Defendant had a duty to properly maintain the Premises and the sidewalks appurtenant to the Premises.

15.     On the Accident Date, and at all times herein mentioned, the Premises and the sidewalks appurtenant to the Premises were controlled by Defendant.

16.     On the Accident Date, and at all times herein mentioned, the Premises and the sidewalks appurtenant to the Premises were maintained by Defendant.

17.     On the Accident Date, and at all times herein mentioned, the Defendant repaired the Premises and the sidewalks appurtenant to the Premises.

18.    On the Accident Date, Plaintiff was lawfully on the sidewalk appurtenant to the Premises.

19.    On the Accident Date, Plaintiff was a lawful pedestrian on the sidewalk appurtenant to the Premises.

20.    On the Accident Date, while Plaintiff was lawfully on the sidewalk appurtenant to the Premises, Plaintiff was caused to trip and fall and sustain severe injuries.

21.    The above-mentioned occurrence and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's servants, agents, employees and/or licensees in the ownership, repair, operation, management, maintenance and control of the Premises and the sidewalks appurtenant to the Premises.

22.    Defendant had actual notice of this defective condition prior to Plaintiff's trip and fall accident.

23.    Defendant had constructive notice of this defective condition prior to Plaintiff's trip and fall accident.

24.    On or before the Accident Date, Defendant in disregard of its duties, negligently and carelessly caused and created a dangerous, hazardous and unsafe condition.

25.    On the Accident Date, Defendant in disregard of its duties, negligently and carelessly permitted the existence of a dangerous, hazardous and unsafe condition.

26.    The trip and fall occurred as a result of the dangerous, hazardous and unsafe condition.

27.    Defendant failed to remedy or repair the dangerous, hazardous and unsafe condition.

28.     Defendant negligently remedied or repaired the dangerous, hazardous and unsafe condition.

29.     No negligence on the part of the Plaintiff contributed to the occurrence alleged herein.

30.     This action falls within one or more of the exemptions set forth in CPLR §1602.

31.     By reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

32.     By reason of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant herein, in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
            April 12, 2012

                                    FERRARO WYATT, PLLC


                                    _____
                                    Justin R. Wyatt
                                    *Attorneys for Plaintiff*
                                    950 Third Avenue, 10th Floor
                                    New York, New York 10022
                                    (212) 557-2776

## ATTORNEY'S VERIFICATION

**Justin R. Wyatt**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at **Ferraro & Wyatt, PLLC**, attorneys of record for Plaintiff. I have read the annexed **Verified Summons and Complaint** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated:     New York, New York
            April 12, 2012

                                   Justin R. Wyatt

SUPREME COURT OF THE STATE OF NEW YORK     Index No.:
COUNTY OF KINGS

---

NELSON DEJSUS,

Plaintiff,

-against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL AMUSEMENTS, INC., AND
QUINCY AMUSEMENTS, INC.,

Defendant.

---

## VERIFIED SUMMONS AND COMPLAINT

---

### FERRARO WYATT, PLLC

*Attorneys for Plaintiff*
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 557-2776
Facsimile: (646) 349-2776

---

Dated: April 12, 2012

Signature pursuant to 22 NYCRR 130-1.1-a

*[signature]*
Justin Wyatt

---

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------X

NELSON DEJSUS,

Plaintiff,

-against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

Defendant.
-------------------------------------------------------------------X

**Index No.: 8056/12**

**VERIFIED BILL OF**
**PARTICULARS**

Plaintiff, by Ferraro Wyatt, PLLC, hereby responds to Defendant's Demand for a

Verified Bill of Particulars, upon information and belief, as follows:

1.      The Plaintiff's name is Nelson DeJesus.  Plaintiff lives at 2784 Linden Blvd.,

Brooklyn, NY.

2.      Plaintiff's date of birth is 1.10.62.

3.      Plaintiff's social security number is xxx-xx-8524.

4.      The accident occurred on December 4, 2011.

5.      The accident occurred at approximately 9:00 pm.

6.      The accident occurred on the sidewalk outside of 2784 Linden Blvd., Brooklyn,

NY.  A picture of the accident location and sidewalk defect is attached hereto.

7.      Plaintiff trip and fell over sidewalk defect.

8.      The occurrence complained of, and the results thereof, were caused by Defendant

and its agents, servants, licensees contractors, subcontractors, employees and other affiliates

agencies and departments, and those acting under its direction, behest, permission and control in

the ownership, operation, designing, creating, management, maintenance, contacting,

subcontracting, supervision, authorizing use and control by Defendant of the sidewalk located at

the above-mentioned location, in failing to properly maintain said sidewalk; in allowing the sidewalk to become raised, cracked, uneven, and in a state of disrepair; in failing to inspect said sidewalk; in causing, permitting and allowing a trap, hazard and nuisance to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice of said defect; in failing to take any necessary steps to alleviate said condition; in failing to undertake proper and/or adequate safety studies and surveys; in failing to properly repair said sidewalk; in failing to erect barricades, or otherwise restrict use of aforesaid area; and in failing to warn persons lawfully upon the aforesaid sidewalk and, more particularly, the claimant herein, of the subject hazard, trap and nuisance.

9.      The defect is the raised sidewalk flag in the picture attached hereto.

10.     Without conceding that notice is a prerequisite to filing suit herein, Plaintiff claims that the Defendants, their servants, agents and/or employees may have had actual and constructive notice of the dangerous condition that caused this accident. Defendants, allowed and permitted same to exist and remain for an unreasonably long period of time prior to this accident, when they knew or could and should have known of the existence of said conditions which existed for unreasonably long period of time prior to this accident, the exact nature and/or duration of which is not presently known or available to the plaintiff, and subject to further discovery proceedings and possible expert testimony, and a reasonable inspection of the sidewalk would have revealed the existence of said unsafe conditions. Plaintiff is unable to further respond to this demand until completion of further discovery proceedings and depositions.

11.     See answer immediately above.

12.     Plaintiff's injuries are as follows:

a. Disc bulge at L4-5;
b. Disc herniation and bulge at L5-S1;
c. Lumbar straightening;
d. Cervical sprain/strain; and
e. Left shoulder tea.

As a result of the above injuries, Plaintiff suffers pain and tenderness, weakness, loss of function, loss of strength, limitation and restriction of motion, and pain upon motion in the aforementioned enumerated body parts. The injuries to above body parts, including the sequella and consequences of such injuries, are long-lasting, chronic, and permanent in nature and duration and may grow progressively worse in their effect, residuals, results, symptoms and extent. The above injuries may, if they progress may require surgery or further surgeries.

Plaintiff reserves the right to supplement this Bill of Particulars when further medical information becomes available, and intends to rely on any injuries referenced in the medical/hospital records provided to Defendants or that are obtained by Defendants *via* authorization. At the time of trial, Plaintiff intends to introduce testimony and proof of the injuries, conditions, manifestations, sequella and residuals, including any previously asymptomatic underlying hypertrophic, arthritic, circulatory, arterial, and/or venous conditions caused, aggravated and precipitated by the accident.

13.     Plaintiff does not intend to assert a lost wages claim at this time.

14.     Not applicable.

15.     Plaintiff went to Jamaica Hospital, but was not confined overnight.

16.     Plaintiff was confined to the home and bed for approximately 3 months following the accident.

17.     The providers include

Best Care Medical Practice, P.C.
41-09 108th Street, Suite LL

Corona, NY 11368

Glen Cove Radiologic Imaging, LLC
234 West Merrick Road,
Valley Stream, New York 11580

Jamaica Hospital Medical Center
8900 Van Wyck Expressway
Jamaica, NY 11418

Dr. Sebastian Lattuga
150 East 58th Street
New York, NY 10022.

18.     To be provided

19.     Plaintiff alleges that Defendants violate CPLR §§ 1602(2), 1602(5), 1602(7) and

1602(11) and 19-152 of the NYC Administrative Code. Additional provisions / violations be

furnished upon completion of further discovery proceedings and until trial.

20.     This request is beyond the scope of the CPLR § 3043 and premature.

21.     None.

22.     This request is beyond the scope of the CPLR § 3043.

Plaintiff reserves the right supplement the foregoing responses up until trial.

Dated:   New York, New York
         November 19, 2012

                              FERRARO WYATT, PLLC

                              Justin R. Wyatt
                              *Attorneys for Plaintiff*
                              950 Third Avenue, 10th Floor
                              New York, New York 10022
                              212-557-2776

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------X

NELSON DEJSUS,

                          Plaintiff,

             -against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

                        Defendant.
-------------------------------------------------------------------X

**Index No.: 8056/12**

**COMBINED
RESPONSE TO
DISCOVERY
DEMANDS**

Plaintiff, by Ferraro & Wyatt, PLLC, hereby responds to Defendant's discovery demands

(each a "Demand" and collectively, the "Demands"), upon information and belief, as follows:

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into each and every specific

response below.

      A.     The Plaintiff objects to each Demand to the extent that it seeks materials,

documents or information that are subject to any privileged or immunity or that constitute

attorney work-product.  The inadvertent production of any document shall not constitute a

waiver of any privilege, immunity or any other ground for objecting to discovery with respect to

such document, or any other document, or with respect to the subject matter thereof, or the

information contained therein; nor shall such inadvertent production waive the right of Plaintiff

to object to the use of any such document or the information contained therein during this or any

subsequent trial, arbitration, mediation, or other proceeding.

      B.     The Plaintiff objects to each Demand to the extent that it seeks materials,

documents or information that are not relevant to any matter in issue in the above-captioned case

or reasonably calculated to lead to discoverable or admissible evidence.

C.     The Plaintiff objects to each Demand to the extent that it seeks materials, documents or information beyond the scope permitted under the CPLR, local rules and/or applicable case law.

D.     The Plaintiff objects to each Demand to the extent that it is either vague or ambiguous.

E.     The Plaintiff objects to the Demands to the extent that they are overly-broad, intended to harass, are duplicative of other requests, or request materials, documents or information already produced to the requesting party.

F.     The Plaintiff objects to the Demands to the extent that they seek documents or information already known by, in the possession of, or under the control of the requesting party or that could be more easily obtained by the requesting party.

G.     The Plaintiff objects to the Demands to the extent that they seek materials, documents or information not in the possession or control of the Plaintiff.

H.     The Plaintiff objects to each Demand that requires a written answer (as opposed to a request for documents) on the ground that the requesting party is not entitled to both interrogatories and a bill of particulars. See CPLR §3130.

## SPECIFIC RESPONSES TO DISCOVERY DEMANDS

Reports

1.     In addition to the foregoing General Objections, Plaintiff will provide a copy of any reports requested in the Demands

Collateral Sources

2.     Subject to the foregoing General Objections, Plaintiff will produce copies of relevant non-protected documents concerning the collateral sources requested in the Demands.

<u>Witnesses</u>

3.      Subject to the foregoing General Objections, Plaintiff believes that the person who called an ambulance to scene of the accident may have witnessed the accident.  We do not currently have said person's name or phone number.

<u>Statements</u>

4.      Subject to the foregoing General Objections, Plaintiff is not currently in possession of any Defendant statements other than those provided on the police report.  A search and/or investigation is ongoing and should same reveal any such statements they will be disclosed before trial.

<u>Medical Records</u>

5.      Subject to the foregoing General Objections, Plaintiff will produce copies of relevant non-protected medical records requested in the Demands.

<u>School Records</u>

6.       Subject to the foregoing General Objections, Plaintiff is not in school.

<u>Experts</u>

7.      Subject to the foregoing General Objections, each medical provider and/or doctor identified in the documents produced pursuant to the Demands may be called to testify.  The substance of the medical expert's facts and opinions will be that Plaintiff sustained the injuries outlined in the hospital and/or medical records, their disabling affect and permanence and the causal relationship to the accident.  The ground for the medical experts' testimony will be based upon their physical examination and treatment of the Plaintiff, and their review of medical records, hospital records, x-rays, range of motion testing, MRIs, MRI reports, and other diagnostic test data reflected in medical and hospital records.

Plaintiff reserves the right to call additional expert witnesses to the full extent permitted under the CPLR, including pursuant to CPLR §3101(d).  Plaintiff will provide required information and documents concerning such witnesses in the time frame and manner required by the CPLR, including pursuant to CPLR §3101(d).

<u>Examinations Before Trial</u>

8.    To the extent not previously deposed, the Plaintiff agrees to be deposed at a time and place to be determined.  Please contact the Firm's calendar clerk, Vic Singh, at 212-557-2776 to schedule a time and place.

<u>Attorneys</u>

9.    Subject to the foregoing General Objections, the parties' attorneys are Ferraro & Wyatt, PLLC, 950 Third Avenue, 10th Floor, New York, New York 10022, and your Firm.

<u>Photographs</u>

10.    Subject to the foregoing General Objections, Plaintiff will produce copies of relevant photographs requested in the Demands.


PLEASE  TAKE  NOTICE  that  the  Plaintiff  reserves  the  right  to  serve  further, supplemental and/or amended responses up to the time of trial.

Dated:    New York, New York
          November 19, 2012

                                    **FERRARO & WYATT, PLLC**


                                    Justin R. Wyatt
                                    *Attorneys for Plaintiff*
                                    950 Third Avenue, 10th Floor
                                    New York, New York 10022
                                    212-557-2776

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------X
NELSON DEJSUS,

                         Plaintiff,

        -against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

                        Defendant.
-------------------------------------------------------------------X

Index No.: 8056/12

**FIRST SUPPLEMENTAL**
**BILL OF PARTICULARS**

       Plaintiff, by Ferraro Wyatt, PLLC, hereby responds to Defendant's Demand for a

Verified Bill of Particulars, upon information and belief, as follows:

      1.      The Plaintiff's name is Nelson DeJesus.  Plaintiff lives at 109-28 Soultell Ave.,

Corona, NY 11368.

      2.      Plaintiff's date of birth is 1.10.62.

      3.      Plaintiff's social security number is xxx-xx-8524.

      4.      The accident occurred on December 4, 2011.

      5.      The accident occurred at approximately 9:00 pm.

      6.      The accident occurred on the sidewalk outside of 2784 Linden Blvd., Brooklyn,

NY.  A picture of the accident location and sidewalk defect is attached hereto.

      7.      Plaintiff trip and fell over sidewalk defect.

      8.      The occurrence complained of, and the results thereof, were caused by Defendant

and its agents, servants, licensees contractors, subcontractors, employees and other affiliates

agencies and departments, and those acting under its direction, behest, permission and control in

the ownership, operation, designing, creating, management, maintenance, contacting,

subcontracting, supervision, authorizing use and control by Defendant of the sidewalk located at

the above-mentioned location, in failing to properly maintain said sidewalk; in allowing the sidewalk to become raised, cracked, uneven, and in a state of disrepair; in failing to inspect said sidewalk; in causing, permitting and allowing a trap, hazard and nuisance to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice of said defect; in failing to take any necessary steps to alleviate said condition; in failing to undertake proper and/or adequate safety studies and surveys; in failing to properly repair said sidewalk; in failing to erect barricades, or otherwise restrict use of aforesaid area; and in failing to warn persons lawfully upon the aforesaid sidewalk and, more particularly, the claimant herein, of the subject hazard, trap and nuisance.

9.     The defect is the raised sidewalk flag in the picture attached hereto.

10.     Without conceding that notice is a prerequisite to filing suit herein, Plaintiff claims that the Defendants, their servants, agents and/or employees may have had actual and constructive notice of the dangerous condition that caused this accident. Defendants, allowed and permitted same to exist and remain for an unreasonably long period of time prior to this accident, when they knew or could and should have known of the existence of said conditions which existed for unreasonably long period of time prior to this accident, the exact nature and/or duration of which is not presently known or available to the plaintiff, and subject to further discovery proceedings and possible expert testimony, and a reasonable inspection of the sidewalk would have revealed the existence of said unsafe conditions. Plaintiff is unable to further respond to this demand until completion of further discovery proceedings and depositions.

11.     See answer immediately above.

12.     Plaintiff's injuries are as follows:

    a.  Disc bulge at L4-5;
    b.  Disc herniation and bulge at L5-S1;
       (1) Surgery was performed at L5-S1, including (a) diskectomy, (b) disk ablation, and (c) annuloplasty.
    c.  Lumbar straightening;
    d.  Cervical sprain/strain; and
    e.  Left shoulder tear.

As a result of the above injuries, Plaintiff suffers pain and tenderness, weakness, loss of function, loss of strength, limitation and restriction of motion, and pain upon motion in the aforementioned enumerated body parts. The injuries to above body parts, including the sequela and consequences of such injuries, are long-lasting, chronic, and permanent in nature and duration and may grow progressively worse in their effect, residuals, results, symptoms and extent. The above injuries may, if they progress may require surgery or further surgeries.

Plaintiff reserves the right to supplement this Bill of Particulars when further medical information becomes available, and intends to rely on any injuries referenced in the medical/hospital records provided to Defendants or that are obtained by Defendants *via* authorization. At the time of trial, Plaintiff intends to introduce testimony and proof of the injuries, conditions, manifestations, sequella and residuals, including any previously asymptomatic underlying hypertrophic, arthritic, circulatory, arterial, and/or venous conditions caused, aggravated and precipitated by the accident.

13.    Plaintiff does not intend to assert a lost wages claim at this time.

14.    Not applicable.

15.    Plaintiff went to Jamaica Hospital, but was not confined overnight.

16.    Plaintiff was confined to the home and bed for approximately 3 months following the accident.

17.    The providers include

Best Care Medical Practice, P.C.
41-09 108th Street, Suite LL
Corona, NY 11368

Glen Cove Radiologic Imaging, LLC
234 West Merrick Road,
Valley Stream, New York 11580

Jamaica Hospital Medical Center
8900 Van Wyck Expressway
Jamaica, NY 11418

Dr. Sebastian Lattuga
150 East 58th Street
New York, NY 10022.

18.   The current special damages include: (a) $24,885.50 to Franklin Hospital, (b) $235.31 to Jamaica Hospital, (c) $1,790.67 to Glen Cove Radiology, (d) $25,000 to Dr. Lattuga, and (e) $5044.00 to Best Care Medical Practice.  Additional special damages are accruing and future damages may be subject of expert testimony.

19.   Plaintiff alleges that Defendants violate CPLR §§ 1602(2), 1602(5), 1602(7) and 1602(11) and 19-152 of the NYC Administrative Code. Additional provisions / violations be furnished upon completion of further discovery proceedings and until trial.

20.   Plaintiff will provide a response to this request at the end of discovery.

21.   None.

22.   Plaintiff has no pre-existing injuries to the body parts at issue in this case.

Plaintiff reserves the right supplement the foregoing responses up until trial.

Dated:     New York, New York
           March 7, 2013

                                        **FERRARO WYATT, PLLC**

                                        Justin R. Wyatt
                                        *Attorneys for Plaintiff*
                                        950 Third Avenue, 10th Floor
                                        New York, New York 10022
                                        212-557-2776

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NELSON DEJSUS,                                                   Docket No.

                       Plaintiff,           **LIST OF COUNSEL**

      -against-

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      **PLEASE TAKE NOTICE,** that upon information and beliefs, Defendants are aware of the

following as counsel for the parties in the above-captioned action:

      Attorneys for Plaintiff:

      FERRARO & WYATT, PLLC
      Attorneys for Plaintiff
      950 Third Avenue, 10th Floor
      New York, New York 10022
      (212) 557-2776

      Attorneys for Petitioners-Defendants:

      THE LAW OFFICES OF JOHN W. MANNING, P.C.
      Attorneys for Petitioner-Defendant,
      LINDEN BOULEVARD THEATRES, LLC,
      NATIONAL AMUSEMENTS, INC. and
      QUINCY AMUSEMENTS, INC.
      120 White Plains Road, Suite 100
      Tarrytown, New York 10591
      (914) 524-7550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NELSON DEJSUS,                                            Index No.  8056/12

                              Plaintiff,

                                                         **NOTICE OF FILING OF**
                -against-                                 **NOTICE OF REMOVAL**

LINDEN BOULEVARD THEATRES, LLC, NATIONAL
AMUSEMENTS, INC., AND QUINCY AMUSEMENTS,
INC.,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    **PLEASE TAKE NOTICE,** that Defendants LINDEN BOULEVARD THEATRES, LLC,

NATIONAL AMUSEMENTS, INC. and QUINCY AMUSEMENTS, INC. have filed a Notice of

Removal, a copy of which is annexed, with the Clerk of the Court for the United States District

Court for the Eastern District of New York, pursuant to 28 U.S.C. §§1441, 1446.

Dated:  Tarrytown, New York
        March 25, 2013

                                THE LAW OFFICES OF JOHN W. MANNING, P.C.

                                By:_____

                                   **JOHN W. MANNING**
                                Attorneys for Defendant
                                LINDEN BOULEVARD THEATRES, LLC,
                                NATIONAL AMUSEMENTS, INC.
                                and QUINCY AMUSEMENTS, INC.
                                120 White Plains Road, Suite 100
                                Tarrytown, New York 10591
                                (914) 524-7550

TO:   FERRARO & WYATT, PLLC
       Attorneys for Plaintiff
       950 Third Avenue, 10th Floor
       New York, New York 10022
       (212) 557-2776